JOHN L. LITTLE, as Trustee of PREMIER CLOTHING CORPORATION,
    in Bankruptcy, Respondent, v. SIMON BRINN and Another,
    Copartners, Doing Business as S. BRINN & BRO., Appellants.
    (Action No. 2.)

First Department, June 6, 1924.

Costs — security for costs — action by trustee in bankruptcy based on
    fraudulent and preferential transfers and for conversion of assets —
    causes of action based on fraudulent and preferential transfers did not
    arise until after adjudication or appointment of trustee in bankruptcy
    — security for costs will not be required under Civil Practice Act,
    § 1522, subd. 4, in action by trustee on such causes — causes of action
    for conversion arose before adjudication or appointment of trustee and
    security for costs may be demanded as matter of right under Civil
    Practice Act, § 1524.

The defendant in an action by a trustee in bankruptcy based on fraudulent and
    preferential transfers is not entitled to security for costs, since the cause of
    action is one which does not arise prior to the appointment of the trustee or the
    adjudication in bankruptcy within the meaning of subdivision 4 of section
    1522 of the Civil Practice Act.

But as to causes of action for the recovery of damages for the conversion of assets
    of the bankrupt in which it is alleged that the conversion took place prior to
    the adjudication in bankruptcy, the defendant is entitled to security for costs
    as a matter of right under section 1524 of the Civil Practice Act, ·since said
    causes of action arose prior to the appointment of the trustee or the adjudication
    in bankruptcy.

APPEAL by the defendants, Simon Brinn and another, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 5th day of April, 1924, granting plaintiff's motion
to vacate an order for security of costs.   (See *Little* v. *Brinn,
No. 1,* 209 App. Div. 570.)

*Shaine & Weinrib* [*Edward C. Weinrib* of counsel], for the
appellants.

*Benjamin A. Hartstein* [*Lewis Nadel* of counsel], for the
respondent.

McAVOY, J.:

Defendants appeal from an order, dated April 5, 1924, made
by Special Term of the Supreme Court, New York county, which
vacated a prior *ex parte* order requiring plaintiff to give security
for costs.

The action was brought by plaintiff, as trustee in bankruptcy
of the Estate of Premier Clothing Corporation, against the defend-
ants; the complaint was served on or about October 30, 1923;

the answer of the defendants was served on or about the 8th day of February, 1924. On the 11th day of March, 1924, defendants, applying *ex parte*, procured an order requiring plaintiff to give security for costs. After a copy of said order was served upon plaintiff's attorney, an application was duly made to vacate said *ex parte* order, which was granted.

It is claimed by plaintiff that subdivision 4 of section 1522 of the Civil Practice Act, which directs when security will be required, does apply to the case at bar.

The complaint seeks to recover the sum of $16,990 due the estate of the said bankrupt corporation by reason of certain fraudulent and preferential transfers made by officers of the said bankrupt to the defendants, and for conversion of those assets. The subdivision of the Civil Practice Act involved provides:

" The defendant in an action brought in a court of record may require security for costs to be given:

" 4. * * * Where the action is brought upon a cause of action arising before the * * * appointment of the trustee or the adjudication in bankruptcy."

The question is: Did the causes of action alleged in the complaint arise prior to the adjudication in bankruptcy of the Premier Clothing Corporation? It is obvious that until the appointment of plaintiff, as such trustee in bankruptcy, the causes of action for fraudulent transfer had not arisen. These causes of action have for their object the setting aside of certain fraudulent and preferential transfers made by the said bankrupt herein to the defendants herein. Hence the bankrupt corporation had no standing in court to complain of said transfers and thus to obtain the relief prayed for in the action at bar; the only person to ask for such relief in the case at bar was the said trustee.

But it was error to hold that the last three causes of action, alleging conversion by the defendants, did not arise before the appointment of the trustee or the adjudication in bankruptcy.

The fourth, fifth and sixth causes of action are all based on a conversion by the defendants of merchandise and a note alleged to have been converted on July 28 and 29, 1922. All of the essential elements of such an action are alleged. The corporation was adjudicated bankrupt on October 19, 1922; the trustee was appointed November 3, 1922.

These three causes of action are in no manner affected by the petition, adjudication or appointment of a trustee. If, as alleged, the defendants are guilty of a conversion, it is a wrong for which the Premier Clothing Corporation might have sued the same day as committed. The trustee in suing on these causes of action

is merely taking over, under the powers accorded him by law, the privilege of bringing actions which the corporation might have brought as soon as the conversion was complete.

These three causes of action arose before the "appointment of the trustee or the adjudication in bankruptcy," and the defendants are accordingly entitled to security for costs as a matter of right, pursuant to section 1524 of the Civil Practice Act.

From the face of the complaint in the case at bar it appears that none of the fourth, fifth and sixth causes of action arose later than July 29, 1922. The Premier Clothing Corporation was adjudicated a bankrupt October 19, 1922, and the trustee was appointed on November 3, 1922. The sequence of dates indicates the necessity for the finding that the cause arose before appointment or adjudication.

The order granting plaintiff's motion to vacate the order for security of costs should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the order granting defendants' application for security for costs should be reinstated.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.